UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO GOMEZ, | No. 2:20-cv-0198 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983.  The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, and is now before the court for consideration of the supplemental filing submitted by plaintiff in relation to his objections to previously issued Findings and Recommendations.  See ECF No. 15 (order of district judge referring matter back to the undersigned for further consideration).  For the reasons explained below, plaintiff's filing at ECF No. 14 will be construed as a proposed supplemental pleading and plaintiff will be provided an opportunity to file an amended complaint that incorporates any transactions, occurrences, or events relevant to the claims in the original complaint that happened after the date of the initial pleading.

////

1

I.   PROCEDURAL HISTORY

The complaint was docketed in January 2020. ECF No. 1. Plaintiff, a former gang member, named the California Department of Corrections and Rehabilitation ("CDCR") and Ralph Diaz, who was the CDCR Secretary at the time, as defendants. Id. at 1-2. Plaintiff alleged an imminent violation of his Eighth Amendment rights because a Non-Designated Programming Facility ("NDPF") housing designation was being created within the state prison system. Plaintiff alleged that his future placement in an NDPF would put him at risk of assault because defendants were not going to screen out general population active gang members, "predators," and "sleepers." Id. at 8-9, 17.

On screening, the undersigned found that plaintiff lacked standing because he had suffered no injury in fact from creation of the NDPF program and future harm was speculative. Accordingly, it was recommended that the complaint be dismissed. ECF No. 7. Plaintiff filed objections, ECF No. 12, and two weeks later filed a supplement, ECF No. 14. Both documents represented that plaintiff had been assigned to an NDPF after issuance of the findings and recommendations. ECF No. 12 at 8; ECF No. 14 at 1. The supplement also asserted that plaintiff's safety had been threatened since NDPF placement on three separate occasions, all of which involved general population inmates attacking other inmates. ECF No. 14 at 2.

In light of these representations, in May 2022, the district judge declined to adopt the findings and recommendations. ECF No. 15. The matter was referred back to the undersigned for consideration whether, pursuant to Northstar Financial Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1043-44 (9th Cir. 2015), plaintiff's supplement should be construed as a supplemental pleading under Federal Rule of Civil Procedure 15(d), thus curing any jurisdictional defect in the original complaint. ECF No. 15 at 2.

II.   DISCUSSION

Federal Rule of Civil Procedure 15(d) states in its entirety:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading

> is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

In Northstar, supra, the Ninth Circuit held that a plaintiff who lacked standing when the complaint was filed could cure the defect by supplemental pleading under Rule 15(d) to add facts demonstrating that standing had been subsequently acquired. Northstar, 779 F.3d at 1043-44. The Court of Appeal noted that use of Rule 15(d) to cure foundational deficiencies in a complaint avoids the formality and expense of having to commence a new action when events that have occurred after the original filing indicated a right to relief. Id.

Because plaintiff has presented facts that appear to cure the standing deficiency previously identified, the undersigned now construes the document at ECF No. 14 as a supplemental pleading under Rule 15(d). See Northstar, supra. Because the initial complaint was never served, however, the supplemental pleading will not be ordered served as contemplated by Rule 15(d). Rather, plaintiff will be provided the opportunity to file an amended complaint that restates and updates his original claims with any relevant transactions, occurrences, and events that have subsequently occurred. This comprehensive amended complaint will then be subject to screening under 28 U.S.C. § 1915A(a).

III.   LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. An amended complaint will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

////

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

An amended complaint must contain a short and plain statement of plaintiff's claims. Fed. R. Civ. P. 8(a). The allegations of the complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), but should contain only those facts needed to show how the defendants legally wronged the plaintiff and how the plaintiff was injured by defendants' actions.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of this court's Civil Rights Complaint By A Prisoner form; and

////

////

////

////

2. Within thirty days from the date of this order, plaintiff shall file a first amended complaint. Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this action be dismissed for failure to prosecute.

DATED: May 31, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE